

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLIAM MCCRAW~~
ATTORNEY GENERAL

Honorable J. G. Minkert
County Attorney
Brazos County
Bryan, Texas

Opinion No. O-6458
Re: Eligibility of a member
    of the 49th Legislature
    for appointment by State
    Board for Vocational
    Education as Executive
    Officer under the provi-
    sions of Senate Bill No.
    120, 49th Legislature.

Dear Sir:

We acknowledge receipt of your letter concerning the above subject matter, as follows:

"Will you kindly inform me whether or not a member of the 49th Legislature is eligible for appointment by State Board of Vocational Education as Executive Officer under the provisions of Senate Bill No. 120, as set out in free conference committee report shown in House Journal for Tuesday, May 29, 1945, on page 2835, near the botton of the first column on said page, where the following language is used 'There is hereby appropriated the sum of Two Thousand Five Hundred Dollars ($2,500.00) state's part or so much thereof as is necessary for the State Board of Education to employ an executive officer.'

"The title of the Board should have been 'State Board of Vocational Education' instead of 'State Board of Education'. This error was corrected by HCR No. 110, shown in House Journal of Wednesday, May 30, 1945, at page 2867 and concurred by the Senate, shown in Senate Journal for Thursday, May 31, 1945, at page 1238.

"I call attention to the fact that this is a Federal government matching appropriation bill and all employees and personnel are merely nominated by the State Board of Vocational Education and the appointment is made by the Federal Commissioner of Education at Washington, D. C. The amount appropriated in the above bill is merely the State's part of the salary of the executive officer. The other portion is put up by the Federal Government."

You cite Section 18 of Article III of the Constitution as the basis for your inquiry. That Section insofar as pertinent is as follows: "No Senator or Representative shall during the term for which he may be elected, be eligible to any civil office for profit under this State, which shall have been created, or the emolument from which may have been increased during such term . . ."

An examination of Senate Bill No. 120 shows that it is an appropriation act by title and in substance. It does not create any civil office nor does it increase the emolument of any civil office within the State. Indeed, if the bill should be so construed, it would probably be void under the familiar requirement of the Constitution that no bill shall contain more than one subject which shall be mentioned in its title.

The bill itself is as follows:

"Section 1. For the purpose of promoting public school interests and matching Federal funds, there is hereby appropriated out of the General Revenue Fund One Million Two Hundred Fifty-nine Thousand Fifty-five and 00/100 ($1,259,055.00) Dollars, or so much thereof as may be necessary for the school year ending August 31, 1946, and One Million Two Hundred Fifty-nine Thousand Fifty-five and 00/100 ($1,259,055.00) Dollars, or so much thereof, as may be necessary for the school year ending August 31, 1947, to be allotted and expended by the State Board of Vocational Education.

"Section 2. The funds appropriated in this Act shall be expended in accordance with all Federal laws and regulations governing vocational education, providing that in schools where equalization funds are received, vocational agriculture, home economics, and trades and industries and distributive education shall comply with such regulations as set forth in the equalization bill.

"Section 3. Provided that vocational agriculture, home economics and trades and industries and distributive education teachers may be paid for twelve (12) months where the superintendent of the school in which they are employed has certified to the State Board for Vocational Education that such teacher is actually engaged in teaching this work twelve (12) months.

"Section 4.   The State Board for Vocational Education, through its Executive Officer, is hereby authorized to receive and disburse in accordance with plans acceptable to the responsible Federal agency, all Federal moneys that are made available to the State of Texas for such purposes as training personnel for national defense industries, and for such other activities as come under the authority of the State Board for Vocational Education.

"Section 5.   There is hereby allocated and set aside the following amounts for the purpose indicated below:

"Vocational Agriculture:
Four Hundred Ten Thousand Four Hundred Twenty-five Dollars . . . . . . . . $410,425.00

"Vocational Home Economics:
Three Hundred Twenty-one Thousand Seven Hundred Fifty-six Dollars . . . . .   321,756.00

"Trades and Industries:
One Hundred Fifty-five Thousand Dollars . . . . . .   155,000.00

"Distributive Education:
Fifty-five Thousand Dollars . . . . . . . . . .    55,000.00

"Vocational Rehabilitation:
One Hundred Fifty-four Thousand Three Hundred Seventy-four Dollars . . . . . .   154,374.00

"Rehabilitation for Crippled children to be expended by the Department of Health:  One Hundred Sixty-two Thousand Five Hundred Dollars . . . . . .   162,500.00

"Provided unexpended balances remaining in the funds herein appropriated for vocational services may be re-allocated with the consent of each of the directors and with the approval of the Executive Office.

"The proper officer or officers of any State Department, bureaus, or divisions of State Agencies are hereby authorized to make application for and accept any gifts, grants, or allotments from the United States government to be used on State Cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs and improvements. Any of such Federal funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the Federal Government, and subject to the limitations placed in this Act. There is hereby appropriated the sum of Two Thousand Five Hundred Dollars ($2,500.00) state's part or so much thereof as is necessary for the State Board for Vocational Education to employ an executive officer; and there is hereby appropriated the sum of One Thousand Four Hundred Fifty Dollars ($1,450.00) state's part for the State Board for Vocational Education to pay director, Distributive Education.

"Section 6. All laws and parts of laws in conflict herewith are hereby expressly repealed.

"Section 7. The fact that many schools in this state are desirous of having the services of vocational teachers mentioned in this Act, and the further fact that if the schools receive such services it is absolutely necessary that this appropriation be passed, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

Such being the nature of the bill the Constitution above quoted would not prevent the appointment mentioned by you. Such appointee is not an "officer", but an employee of the Board.

The executive officer according to the Bill above quoted is to be employed by the State Board for Vocational Education. Moreover the Federal funds appropriated and allocated to the State under the co-operative system are delivered to the State Treasurer and all disbursements are made through the ordinary channels for paying out State funds to State employees.

Finally, we direct your attention to Section 33, Article XVI of the Constitution containing the following pertinent language: "The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State ***. While the member of the Legislature is not ineligible to the appointment as executive officer by the Board nevertheless, as such employee he does come within the provision of Section 33 above quoted, that is, he would be holding a position of honor, trust and profit under the State, the emoluments of which would be paid out of the State Treasury which is forbidden while he at the same time holds the office of Representative in the Legislature.

This department held in an opinion dated September 22, 1913, written by the late Chief Justice of the Supreme Court, then First Assistant Attorney General C. M. Cureton: "Therefore, should Mr. Mayes accept the position of Professor of Journalism in the University and at the same time hold and exercise the duties of the office of Lieutenant Governor, he could not draw pay for either such office or such position." (See Opinions Attorney General 1912-1914, page 873)

Since the position of executive officer is not an "office of emolument," the acceptance by the member of the position would not operate as a constructive resignation by the Representative under Section 40 of Article XVI of the Constitution. In other words as a matter of pure eligibility he might hold both the office and the position of employment but he would be forbidden by Section 33 of the Constitution to receive compensation for either the office or the employment. See our Opinion No. O-6578 involving the holding at the same time of the office of member of the Legislature and an employment by a river authority district as an employee. (Copy herewith)

Of course, so far as the question of payment is concerned that matter would be eliminated in the event the member should resign and his successor be elected and qualified. Such intention to so resign was mentioned in correspondence accompanying your request.

Honorable J. G. Minkert, page 6 (O-6458)


We trust that this opinion satisfactorily answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By

Ocie Speer
Assistant

OS:lj:ddt